UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23280-CIV-LENARD

**CHUKWUMA E. AZUBUKO,**

    Plaintiff,

vs.

**THRIFTY FINANCIAL SERVICES INCORPORATION, LIBERTY MUTUAL INSURANCE COMPANY, MASSACHUSETTS' REGISTRAR OF MOTOR VEHICLES AND CLERK LAWRENCE K. BAERMAN,**

    Defendants.

_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on Plaintiff Chukwuma E. Azubuko's Motion to Proceed *in forma pauperis* (D.E. 3), filed on September 7, 2011.

Upon plaintiff's submission of an affidavit of indigency in support of a motion to proceed without payment of the filing fee, a district court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B) to make certain the action is not frivolous, malicious or fails to state a claim for relief. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). A claim is frivolous if it "is without arguable merit either in law or in fact," *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1315 (11th Cir. 2001), or if it describes "fantastic or delusional scenarios." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). If a court "finds from the face of the complaint . . . that the factual allegations are clearly baseless or

that the legal theories are indisputably meritless," the Court may dismiss the suit without further delay since such suits "unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources." *Williams v. Sec. for the Dept. Of Corrections*, 131 Fed. Appx. 682, 686 (11th Cir. 2005) (quotations and citations omitted). Section 1915(e)2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6) such that the Court can dismiss a complaint for failure to satisfy the standards of that Rule. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Here, in his typed, pro se Complaint (D.E. 1), Plaintiff alleges a litany of grievances against four defendants. The Complaint contains several problems.

First, Plaintiff alleges nearly every possible basis for federal subject matter jurisdiction, including diversity jurisdiction and federal question jurisdiction. As to diversity jurisdiction, it is plain from the face of the Complaint that Plaintiff's citizenship is not diverse from three of the four defendants. Complete diversity, and consequently jurisdiction, does not exist under this theory.

Combing the Complaint for claims arising under a federal question or statute, the Court only finds references to the *First* and *Eleventh Amendments*. The former is mentioned in the damages section of the Complaint with no indication as to which of Plaintiff's *First Amendment* rights have been violated; the latter, referenced in Count Six, does not create a private right of action. Thus, the Court finds that no federal question jurisdiction exists here.

Reviewing the Plaintiff's claims reveals a smörgåsbord of poorly pled common law causes of action (deprivation of property interest, negligence, unfair practices and

anticipatory breach of contract) and wholly imagined claims never before seen in this Court (condemnation of the plaintiff to impact rule, desideratum or lack of skill, trespassers of the law and non-recourse to the *Eleventh Amendment*).

Despite a pro se complaint being "held to less stringent standards than formal pleadings drafted by lawyers" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds that nothing in Plaintiff's Complaint states a claim upon which relief may be granted, much less supports jurisdiction in this Court. It is also worth noting here that all parties are residents of Massachusetts and New York, thus lack of personal jurisdiction and improper venue would be further obstacles to Plaintiff's filing suit in this Court.

Having reviewed the Complaint and the record and failing to find a basis for any of Plaintiff's claims, his Complaint must be dismissed without prejudice. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Plaintiff Chukwuma E. Azubuko's Complaint (D.E. 1), filed on September 7, 2011, is **DISMISSED** without prejudice for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

2. Plaintiff Chukwuma E. Azubuko's Motion to Proceed *in forma pauperis* (D.E. 3) is **DENIED** as moot.

3. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of September, 2011.

                                                  **JOAN A. LENARD**
                                         **UNITED STATES DISTRICT JUDGE**